IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DARRELL CARTER,

        Plaintiff,

v.                                     CIVIL ACTION NO. 2:21-cv-00216

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss Plaintiff's Complaint* (Document 9) and the *Memorandum of Law in Support of Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 10). For the reasons stated herein, the Court finds that the motion to dismiss should be granted.

**FACTUAL BACKGROUND**

The Plaintiff filed his *Complaint* (Document 1) in this matter on April 9, 2021, alleging that Defendants Hendrix and Toney employed excessive force against the Plaintiff, causing him to sustain serious injuries. In particular, the Plaintiff asserts that while incarcerated at the West Virginia Division of Corrections and Rehabilitation (WVDCR), the Plaintiff was escorted to medical in handcuffs and shackles due to chest pain. The Plaintiff then got into a verbal argument with the correctional officers and, while handcuffed behind his back and on the floor, Defendant Toney ordered Defendant Hedrick to tase the Plaintiff. After being tased, the Plaintiff was placed

in a restraint chair where Defendant Toney again ordered Defendant Hedrick to tase the Plaintiff two additional times.

While being tased, the Plaintiff screamed in pain and Defendant Toney leaned down and told the Plaintiff that he had better stop and referred to him with a racial slur. Prior to being tased, the Plaintiff did not pose a threat to the correctional officers because he was handcuffed and shackled or restrained in the chair.

After being tased, the Plaintiff was left restrained in the chair for approximately seven hours, in retaliation. After filing grievances, the Defendants retaliated against and threatened the Plaintiff in an attempt to have him drop the issue. When the Plaintiff filed additional grievances, the Defendants fabricated a charge against the Plaintiff.

Based on these allegations, the Plaintiff has asserted claims against the individual Defendants pursuant to 42 U.S.C. § 1983 and has asserted a claim against Defendant WVDCR for vicarious liability. The Defendant WVDCR filed a motion to dismiss on July 23, 2021. The Plaintiff did not file a response to the motion. The matter is now ripe for consideration.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588

F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant WVDCR argues that it is immune from suit pursuant to the Eleventh Amendment of the Constitution and should, therefore, be dismissed from this case. The Defendant WVDCR further argues that it has not waived its immunity nor consented to suit, Congress has not abrogated immunity for this type of suit, and no *Ex Parte Young* exception applies in this case. Lastly, the Defendant argues that the remaining claim against the WVDCR for vicarious liability fails because there is no vicarious liability for § 1983 claims. The Plaintiff did not file a response.

The Plaintiff has set forth two claims in the complaint: a claim for violation of 42 U.S.C. § 1983 and a claim for vicarious liability. The Plaintiff has made clear, however, that he is not asserting a claim against Defendant WVDCR pursuant to 42 U.S.C. § 1983. Of course, vicarious liability is not a stand-alone claim, and a state agency cannot be held vicariously liable under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that "vicarious liability is inapplicable to *Bivens* and § 1983 suits."); *Young v. Apogee Coal Co. LLC*, No. 2:12-CV-01324, 2014 WL 1900791, at *2 (S.D.W. Va. May 13, 2014) (Goodwin, J.) (stating that to assert a claim for vicarious liability, it must be "based on other underlying claims."). Therefore, the claim for

vicarious liability is left unattached to any substantive claim and must be dismissed. Because no claims remain against the Defendant WVDCR, it is not necessary to address the Defendant's argument relative to Eleventh Amendment immunity.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss Plaintiff's Complaint* (Document 9) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 10, 2021

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA