IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| DARRELL CARTER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:21-00216 |
| CORPORAL ALEXANDER HENDRIX, *et al.*, | ) |
| Defendants. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court grant Defendants Hendrix and Toney's "Motion to Designate the Motion for Summary Judgment as Unopposed and to Dismiss the Complaint for Failure to Prosecute" (Document No. 39), dismiss this action with prejudice, and deny Defendants Hendrix and Toney's Motion for Summary Judgment (Document No. 35) as moot.

**PROCEDURAL BACKGROUND**

On April 9, 2021, Plaintiff, by counsel, Paul M. Stroebel, filed his Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983. (Document No. 1.) In his Complaint, Plaintiff named the following as Defendants: (1) West Virginia Division of Corrections and Rehabilitation ("WVDOC"); (2) Corporal Alexander Hendrix; and (3) Corporal Richard Toney. (Id.) Plaintiff alleged that Defendants subjected him to excessive force in violation of his Eighth Amendment rights. (Id.) As relief, Plaintiff requested monetary damages. (Id.) The summonses were submitted by defense counsel and issued by the Court on June 24, 2021. (Document Nos. 3 and 4.)

On July 23, 2021, Defendants Hendrix and Toney filed their Answer. (Document No. 8.) On the same day, the WVDOC filed its Motion to Dismiss and Memorandum in Support. (Document Nos. 9 and 10.) By Memorandum Opinion and Order entered on August 10, 2021, United States District Judge Irene C. Berger granted the WVDOC's Motion to Dismiss. (Document No. 14.) On August 30, 2021, Judge Berger entered a Scheduling Order. (Document No. 17.) On October 14, 2021, Attorney Stroebel filed a Motion to Withdraw as Counsel for Plaintiff. (Document No. 20.) By Order entered on October 15, 2021, Judge Berger granted Attorney Stroebel's Motion to Withdraw as Counsel for Plaintiff. (Document No. 21.) By Notice filed on October 27, 2021, Plaintiff informed the Court that he intended to pursue his case *pro se*. (Document No. 22.) The case continued with Plaintiff acting *pro se*, and the parties engaged in discovery pursuant to the Scheduling Order. (See Document Nos. 18, 19, 23, 24, 27, 31, 32.)

On December 16, 2021, Defendants Hendrix and Toney issued "Defendants' Initial Set of Discovery Requests to Plaintiff." (Document Nos. 24 and 33-1.) On January 14, 2022, Plaintiff filed a "Motion for Order of Injunction" requesting that the Court enter an Order granting an "injunction against Mount Olive Correctional Complex" to allow Plaintiff to review the video evidence of the incident. (Document No. 27.) Plaintiff explained that he needed to review of video evidence to respond to Defendants Hendrix and Toney's discovery requests. (Id.) By Order entered on February 18, 2022, the Court granted Plaintiff's Motion and gave Plaintiff an extension until April 8, 2022, to respond to Defendants Hendrix and Toney's Initial Set of Discovery Requests. (Id.) By Notice filed on February 23, 2022, defense counsel advised the Court that he traveled to Mount Olive Correctional Complex with a copy of the video of the incident, a laptop to play the video, and external speakers to play the audio from the video. (Document No. 32.) Defense counsel represented that Plaintiff indicated that he first wished to view the video without audio and then

2

watch it with audio. (Id.) Defense counsel complied with Plaintiff's request playing the video first without audio but "[n]ear conclusion of the first playing of the video, [Plaintiff] announced that he had seen enough and got up to be escorted back to his cell." (Id.) Defense counsel represented that he inquired as to whether Plaintiff intended to view the video with audio, and Plaintiff responded that he had no interest in watching the video with audio. (Id.) On April 19, 2022, Defendants Hendrix and Toney filed a Motion to Compel concerning Plaintiff's discovery responses. (Document No. 33.) In support, Defendants noted that the April 8, 2022, deadline had passed and a good faith letter had been sent to Plaintiff on April 12, 2022. (Id.) By Order entered on April 20, 2022, the undersigned directed Plaintiff to file a Response to Defendants Hendrix and Toney's Motion to Compel by May 11, 2022. (Document No. 34.) Plaintiff never filed a response.[1]

On May 5, 2022, Defendants Hendrix and Toney filed a Motion for Summary Judgment and Memorandum in Support. (Document Nos. 35 and 36.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 6, 2022, advising him of the right to file a response to the Defendants' Motion. (Document No. 37.) The Court specifically warned Plaintiff that failure to respond to the above Motion could result in the denial of relief sought in the Complaint and dismissal of the suit. (Id.) Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his action, Plaintiff did not file a response to Defendants Hendrix and Toney's above Motion for Summary Judgment (Document No. 35). On June 21, 2022, Defendants Hendrix and Toney filed a "Motion to Designate the Motion for Summary Judgment as Unopposed and to Dismiss the Complaint for Failure to Prosecute." (Document No. 39.) By Order entered on June 23, 2022, the undersigned directed

---

[1] It is hereby **ORDERED** that Defendants Henrick and Toney's Motion to Compel (Document No. 33) is **DENIED as moot**.

Plaintiff to show cause in writing as to why the above action should not be dismissed for failure to prosecute. (Document No. 43.)

On June 30, 2022, Plaintiff filed his Response to the Court's Order to Show Cause. (Document No. 44.) Plaintiff stated that he was placed in the Control Unit on February 6, 2022. (Id.) Plaintiff explained that during his placement in the Control Unit, he did not have possession of his personal property that contained Defendants Hendrix and Toney's Initial Set of Discovery Requests. (Id.) Although Plaintiff acknowledged that he was released from the Control Unit on April 7, 2022, Plaintiff claimed he was again placed in the Control Unit on May 25, 2022. (Id.) Plaintiff asserted that the foregoing has resulted in Plaintiff's lack of access to his personal property that contained Defendants Hendrix and Toney's Initial Set of Discovery Requests. (Id.) Plaintiff argued that he was unable to respond to Defendants Hendrix and Toney's Motion for Summary Judgment because he did not have access to Defendants Hendrix and Toney's Initial Set of Discovery Requests. (Id.) Accordingly, Plaintiff requested an extension of time to file a Response to Defendants Hendrix and Toney's Motion for Summary Judgment and an order directing Defendants Hendrix and Toney to provide Plaintiff with a copy of their Initial Set of Discovery Requests.[2] (Id.)

On the same day, Defendants Hendrix and Toney filed their Reply. (Document No. 45.) Defendants Hendrix and Toney properly noted that Plaintiff failed to make any effort to move his case forward, or obtain additional copies of various pleadings that he was allegedly to be no longer in possession, until the Court entered its Order to Show Cause. (Id.) Defendants Hendrix and Toney

---

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

4

argued that Plaintiff could have easily requested a copy of the discovery documents from Defendants and filed a motion for extension of time concerning the deadline for his response to the Motion for Summary Judgment, but Plaintiff failed to do so. (Id.) Defendants Hendrix and Toney asserted that it was proper for the Court to enter an Order dismissing the above case because it is clear that Plaintiff had refused to make any effort to help himself in prosecuting the above action. (Id.)

In consideration of Plaintiff's *alleged* lack of access to discovery documents and his *pro se* status, the undersigned granted Plaintiff an extension of time until August 22, 2022, to file a Response to Defendants Hendrix and Toney's Motion for Summary Judgment (Document No. 35). (Document No. 46.) The undersigned further ordered Defendants Hendrix and Toney to provide Plaintiff with a copy of their Initial Set of Discovery Requests by July 22, 2022. (Id.) The undersigned further notified Plaintiff that no further extensions of time would be granted and "that failure to file a Response by **August 22, 2022**, will result in a recommendation of dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.)

On July 14, 2022, filed a "Request for Admissions" and "Motion to Request Material Supporting Plaintiff's Claim." (Document Nos. 50 and 51.) In his "Motion to Request Material Support Plaintiff's Claim," Plaintiff requested a copy of photographs of the alleged injuries he sustained on December 14, 2020[3] and a copy of the audio recording of his Disciplinary Hearing. (Id.) On July 18, 2022, Defendants Hendrix and Toney filed their Response in Opposition. (Document No. 53.) First, Defendants noted that Plaintiff was inappropriately attempting to conduct written discovery by way of a Motion to the Court. (Id.) Second, Defendants explained

---

[3] Plaintiff was provided with the video of incident wherein he alleges he suffered the injuries.

5

that pursuant to the Scheduling Order, all discovery requests were to be completed by February 11, 2022. (Id.) Finally, Defendants claimed that the information Plaintiff requested was not in the care, custody, and control of Defendants. (Id.) Plaintiff failed to file a Reply disputing the foregoing. By Order entered on August 29, 2022, the undersigned denied Plaintiff's "Motion to Request Material Supporting Plaintiff's Claim." (Document No. 55.) The undersigned noted that Plaintiff's attempt to engaged in discovery was untimely (Document No. 17), the record clearly revealed that Plaintiff had the ability to engage in discovery pursuant to the Scheduling Order, there was no allegation or indication that Plaintiff's ability to engage in discovery was hampered (Document Nos. 18, 19, 23, 24, 27, 31, 32), and the record indicated that Plaintiff had a history of proceeding in a dilatory fashion concerning the prosecution of the above action (Document Nos. 43 - 46). (Id.)

Despite being granted a generous extension of time and being warned by the Court that inaction would result in dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, Plaintiff has not filed a response to Defendants Hendrix and Toney's Motion for Summary Judgment.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[4] See

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - -

6

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for

---

except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

his lack of participation. Although Plaintiff requested an extension of time to file a response to Defendants' Motion for Summary Judgment in Plaintiff's Response to the Court's Order to Show Cause, Plaintiff again failed to file a response. Plaintiff failed to take action despite the Court's Roseboro Notice (Document Nos. 37), and the Court's Order granting the generous extension of time and warning Plaintiff that his failure to file a timely response would result in dismissal (Document No. 29). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants filed a Motion for Summary Judgment, there is no indication that Defendants expended sufficient time or resources defending Plaintiff's action. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record indicates that Plaintiff has now twice failed to file a timely response to Defendants' Motion for Summary Judgment. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked

lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the Court's Order granting the extension of time. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed with prejudice[5] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendants Hendrix and Toney's "Motion to Designate the Motion for Summary Judgment as Unopposed and to Dismiss the Complaint for Failure to Prosecute" (Document No. 39), **DISMISS** Plaintiff's Complaint (Document No. 1) with prejudice, **DENY as moot** Defendants Hendrix and Toney's Motion for Summary Judgment (Document No. 35), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

---

[5] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise."

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 14, 2022.

Omar J. Aboulhosn
United States Magistrate Judge